IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | | |
|---|---|---|
| RANCHERS CATTLEMEN ACTION LEGAL FUND UNITED STOCKGROWERS OF AMERICA, | ) ) ) ) | CV-05-06-BLG-RFC |
| Plaintiff, | ) ) | |
| vs. | ) ) | ORDER |
| UNITED STATES DEPARTMENT OF AGRICULTURE, ANIMAL AND PLANT HEALTH INSPECTION SERVICE, and MIKE JOHANNS, IN HIS CAPACITY AS THE SECRETARY OF AGRICULTURE, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## BACKGROUND

On January 4, 2005, USDA published its Final Rule, which, among other provisions, allowed the importation of Canadian cattle under 30 months of age provided the cattle were immediately slaughtered or fed and then slaughtered. Final Rule, 70 Fed.Reg. at 460, 469. The Final Rule also permitted the importation of beef products from Canadian cattle of all ages. *Id.* at 461, 465. The Final Rule was scheduled to go into effect on March 7, 2005. *Id.* at 460. Shortly

-1-

thereafter, two additional cases of BSE were confirmed in Alberta. The USDA indefinitely suspended the implementation of the portion of its Final Rule that permitted the importation of beef from cattle over 30 months. 70 Fed.Reg. 12,112 (Mar. 11, 2005).

Six days after USDA published the Final Rule, R-CALF filed this action, seeking to enjoin the rule's implementation. In its complaint, R-CALF alleged that USDA's rulemaking violated the Administrative Procedure Act ("APA"), the Regulatory Flexibility Act ("RFA"), and the National Environmental Policy Act ("NEPA"). On February 1, 2005, three weeks after filing its complaint, R-CALF filed its application for a preliminary injunction to enjoin the Final Rule *pendente lite.*

On March 2, 2005, this Court issued a preliminary injunction, barring USDA from implementing its Final Rule. *See R CALF I,* 359 F.Supp.2d at 1074. The primary reason for enjoining the Final Rule was a finding that the rule was arbitrary and capricious in violation of the APA. *Id.* at 1063-69; *see also* 5 U.S.C. § 706(2). On July 25, 2005, the Ninth Circuit Court of Appeals reversed the granting of the preliminary injunction. *See Rancher's Cattlemen Action Legal Fund v. United States Dept. of Agriculture*, 415 F.3d 1078.

Currently pending are the parties' cross motions for summary judgment.

**ANALYSIS**

Summary judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Summers v. Teichert & Son, Inc.*, 127 F.3d 1150 (9th Cir. 1997) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986)). Even if the evidence is merely colorable or is not significantly probative, a grant of

summary judgment is still appropriate. *Eisenberg v. Insurance Co. of North America*, 815 F.2d 1285, 1288 (9th Cir. 1987). The party moving for summary judgment bears the initial burden of proof to identify the absence of a genuine issue of material fact.

The APA provides that a court, when reviewing agency action, shall "hold unlawful and set aside agency action, findings, and conclusions found to be . . .arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706. An agency's action violates this standard if the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise. *City of Sausalito v. O'Neill,* 386 F.3d 1186, 1206 (9th Cir.2004) (quoting *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.,* 463 U.S. 29, 43, 103 S.Ct. 2856, 77 L.Ed.2d 443 (1983)).

Regulations are presumed to be valid, and therefore review is deferential to the agency. *Nat'l Ass'n of Home Builders v. Norton,* 340 F.3d 835, 841 (9th Cir.2003). All that is required is that the agency have "considered the relevant factors and articulated a rational connection between the facts found and the choices made." *Id.* Further, "[t]he court is not empowered to substitute its judgment for that of the agency." *Ariz. Cattle Growers' Ass'n v. United States Fish & Wildlife,* 273 F.3d 1229, 1236 (9th Cir.2001). Deference to the informed discretion of the responsible federal agencies is especially appropriate, where, as here, the agency's decision involves a high level of technical expertise. *Id.*

While review is deferential, it is not toothless; courts must conduct a "thorough, probing, in-depth" inquiry into the validity of regulations. *Nat'l Ass'n of Home Builders,* 340 F.3d at 841.

This inquiry must be "searching and careful" to ensure that the agency decision does not contain a clear error of judgment. *City of Sausalito,* 386 F.3d at 1206; *Nat'l Ass'n of Home Builders,* 340 F.3d at 841. In performing this inquiry, the court is not allowed to uphold a regulation on grounds other than those relied on by the agency. *Ariz. Cattle Growers' Ass'n,* 273 F.3d at 1236 ("The reviewing court may not substitute reasons for agency action that are not in the record.").

The Ninth Circuit has reviewed the Final Rule and has concluded that "the Secretary [of Agriculture] had a firm basis for determining that the resumption of ruminant imports from Canada would not significantly increase the risk of BSE to the American population." *Rancher's Cattlemen Action Legal Fund v. United States Dept. of Agriculture*, 415 F.3d 1078, 1095 (9th Cir. 2005). Based upon this, the District Court's hands are tied. The Ninth Circuit has instructed this Court to "abide by this deferential standard," and "respect the agency's judgment and expertise." Therefore, Plaintiff's Motion for Summary Judgment [*doc. # 102*] is **DENIED** and Defendants' Motion for Summary Judgment [*doc. # 117*] is **GRANTED**. All other pending motions are **DENIED AS MOOT**.

The Clerk is directed to enter Judgment accordingly, and to notify counsel of the making of this Order.

DATED this 5th day of April, 2006.

\_\_\_/s/ Richard F. Cebull_____
RICHARD F. CEBULL
U.S. DISTRICT COURT JUDGE